# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 6, 2019

| | |
|---|---|
| * * * * * * * * * * * * * | |
| KENNETH BARON *and* JAYME BARON, *on behalf of* S.B., *a minor*, | No. 14-341V |
| Petitioners, | Special Master Sanders |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' Fees and Costs |
| Respondent. | |
| * * * * * * * * * * * * * | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioners.
Claudia B. Gangi, United States Department of Justice, Washington, D.C., for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On April 23, 2014, Kenneth and Jayme Baron ("Petitioners") filed a petition on behalf of their minor child, S.B., for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that the Hepatitis A and influenza vaccines S.B. received on November 11, 2011, caused her to develop anti-N-methyl D-aspartate receptor ("anti-NMDAR") encephalitis. An entitlement hearing was held on August 28, 2018 in Washington, DC, and on March 18, 2019, the undersigned issued her Decision denying compensation.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 25, 2019, Petitioners filed an application for attorneys' fees and costs. ECF No. 96 ("Fees App."). Petitioners request total attorneys' fees and costs in the amount of $116,172.05 (representing $93,581.60 in fees and $22,590.45 in costs). Fees App. at 1-2. Pursuant to General Order No. 9, Petitioners warrant that they have not incurred any costs related to the prosecution of their petition. *Id*. Respondent responded to the motion on May 23, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 99). Petitioners did not file a reply thereafter.

This matter is now ripe for consideration.

I.  **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.,* 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't*

*of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

The undersigned has reviewed the requested rates for various Conway, Homer, P.C. attorneys and staff (the billing records indicate that Ms. Meredith Daniels performed the majority of the attorney work, although six other attorneys and numerous law clerks and paralegals also worked on the case) and finds that the requested rates are consistent with what these attorneys and staff have previously been awarded for their Vaccine Program work. *See, e.g., McClusky v. Sec'y of Health & Human Servs.*, No. 17-841V, 2019 WL 2407399, at *2 (Fed. Cl. Spec. Mstr. May 16, 2019). Accordingly, the requested rates are reasonable and no adjustment is necessary.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds the billed hours to be mostly reasonable, requiring only minor reductions. First, paralegals expended time on minor administrative tasks such as sending faxes and mailing documents, and on a vague entry for "case finalization" which does not adequately describe what work was being performed. For these entries, the undersigned shall reduce the final award of fees by **$416.10**.

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

The second issue concerns time billed by Ms. Daniels for travel to and from the entitlement hearing. Travel time is typically billed at one-half of an attorney's usual rate absent proof that work was being performed during travel. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *16 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). In this instance, Ms. Daniels billed 3.7 hours to travel from Boston to Washington, DC, and asserts that she performed trial preparation during travel. Fees App. at 45. However, the undersigned finds it unlikely that Ms. Daniels was performing case work for the entire time she was traveling. Accordingly, the undersigned will compensate Ms. Daniels with 2.0 hours of work performed during travel, with the remaining 1.7 hours being compensated at one-half of her billed rate resulting in a reduction of **$249.90**.

Next, concerning her return travel, Ms. Daniels billed 4.3 hours and although the billing entry states that the time was billed at half rate, the amount billed does not reflect such a reduction. Ms. Daniels does not assert that any case work was performed during this travel. The amount billed for this entry will be reduced by half, resulting in a reduction of **$632.10**. Petitioners are thus entitled to a final award of costs in the amount of **$92,283.50**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $22,590.45 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, work performed by Petitioners' expert, Dr. Murray Engel, and travel to and from the entitlement hearing. Petitioners have provided adequate documentation to support these costs and in the undersigned's experience they are mostly reasonable. The only issue concerns costs billed by Dr. Engel.

First, Dr. Engel billed full time for travel. Fees App. at 96. Like attorneys, experts in the Vaccine Program are expected to bill travel time at one-half of their typical rate. The billing records do not indicate that Dr. Engel performed case work while traveling. Accordingly, the undersigned shall reduce the final award of costs by **$1,250.00** to reflect this adjustment. Second, Dr. Engel upgraded to Acela express train fare traveling to Washington, DC, and purchased an upgraded business class seat for his return trip. Fees App. at 89-90. The Vaccine Program does not reimburse upgraded travel methods such as first-class airfare, business-class train fare, and Acela express train fare. *See Reichert v. Sec'y of Health & Human Servs.*, No. 16-697V, 2018 WL 3989429, at *4 (Fed. Cl. Spec. Mstr. Jun. 20, 2018) (citing *Tetlock v. Sec'y of Health & Human Servs.*, No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). Accordingly, costs shall be reduced by **$181.00**. Petitioners are entitled to final attorneys' costs of **$21,159.45**.

## II. Conclusion

Based on all the above, the undersigned finds that Petitioners are entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $93,581.60 |
|---|---|
| (Reduction to Fees) | - ($1,298.10) |
| **Total Attorneys' Fees Awarded** | **$92,283.50** |

4

| | |
|---|---|
| Attorneys' Costs Requested | $22,590.45 |
| (Reduction of Costs) | - ($1,431.00) |
| **Total Attorneys' Costs Awarded** | **$21,159.45** |
| | |
| **Total Attorneys' Fees and Costs** | **$113,442.95** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs, other than the reductions noted above, is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $113,442.95, representing reimbursement for petitioners' attorneys' fees and costs, in the form of a check payable to Petitioners and their attorney, Mr. Ronald Homer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).